SUSAN KIRBY,

                **Plaintiff,**

-vs-                                            Case No. 6:07-cv-1703-Orl-18GJK

**APPLIANCE DIRECT, INC.,**

                **Defendant.**

_____

# REPORT AND RECOMMENDATION

# TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration following oral argument on the following motion:

| |
|---|
| **MOTION:**   SECOND AMENDED PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 25) |
| **FILED:**      February 20, 2009 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED.** |

## I.   BACKGROUND

On October 25, 2007, Susan Kirby (the "Plaintiff") filed a complaint ("Complaint") against Appliance Direct, Inc. ("Defendant") alleging sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). Doc. No. 1. Plaintiff alleged damages in excess of $75,000.00, exclusive of costs, interest, and attorney's fees. *Id.* On November 19,

2007, Defendant filed an Answer to the Complaint and asserted affirmative defenses. Doc. No. 9. On February 6, 2008, the Honorable Kendall G. Sharp entered a Case Management and Scheduling Order. Doc. No. 12. No further activity occurred on the case docket until October 1, 2008, when Plaintiff filed her Pretrial Statement. Doc. No. 13. Plaintiff stated the following:

> At this time, it is Plaintiff's position that if this matter goes to trial she will be awarded compensatory damages in the range of $25,000.00 to $50,000.00. Moreover, Plaintiff is seeking punitive damages.

*Id.* at 3 (emphasis added).

On January 9, 2009, Plaintiff filed a Notice of Acceptance of Defendant's Offer of Judgment ("Notice") wherein Plaintiff accepted Defendant's Offer of Judgment ("Offer of Judgment") in the amount of $1,000.00, exclusive of attorney's fees and costs. Doc. No. 15. Plaintiff attached the Offer of Judgment to the Notice. Doc. No. 15-2. The Offer of Judgment specifically excludes attorney's fees and costs. *Id.* On February 6, 2009, Judgment ("Judgment") was entered in favor of Plaintiff and against Defendant in the amount of $1,000.00. Doc. No. 20.

On February 20, 2009, Plaintiff filed her Second Amended Motion for Attorney's Fees and Costs and Expert Witness Fees (the "Motion"). Doc. No. 25. After receiving a Judgment in the amount of **$1,000.00**, Plaintiff requests an award of attorney's fees in the amount of $57,271.00, costs and expenses in the amount of $2,270.34 and expert witness fee costs of $1,890.00, for a total award of **$61,431.34**. *Id.* Attached to the Motion is the affidavit for Maurice Arcadier, Esq. wherein he states that he charges an hourly rate of $300.00, his firm charges $225.00 per hour each for associates Lauren Cooney, Esq. and Gina Silvestri, Esq., and his firm charges $85 per hour for paralegal services. Doc. No. 25-2. The Motion contains the

time sheets for each individual who performed work on this case. Doc. No. 25-3. In the event that the Court finds it necessary to reduce the total amount of fees requested, Plaintiff requests that the Court allow limited discovery of Defendant's hours and time incurred in defending the case and that the Court hold an evidentiary hearing on the matter so Plaintiff can present Mr. Jesse Skipper as an expert witness to testify along with the attorneys who represented Plaintiff in this case. *Id.* at 11.

On February 12, 2009, Defendant filed a response ("Response") in opposition to the Motion. Doc. No. 24. The Defendant requests that the Motion be denied as Plaintiff's success "was technical and *de minimis*." *Id.* Defendant states that Plaintiff's settlement amount represents 1.3% of the amount alleged in her complaint ($1,000 divided by $75,000.00). *Id.* at 4. In the alternative, the Defendant states that if the Court is inclined to award attorney's fees and costs, the appropriate fees would total $2,407.50 and costs of $375.00. *Id.* at 3.

At Plaintiff's request, on August 17, 2009, the Court held an evidentiary hearing and the parties presented oral argument.

## II. LAW

### The Prevailing Party

The United States Congress has determined that a court, in its discretion, may award reasonable attorneys' fees, including expert fees, under Title VII and under Section 1988 to a prevailing party as part of its costs. *See* 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 1988(b); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416, 421 - 22 (1978). Entitlement to attorneys' fees by a prevailing party under Title VII is governed by the United States Code, which provides:

> In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k). Similarly, Section 1988(b) provides in relevant part:

> In any action or proceeding to enforce . . . [42 U.S.C. § 1983] . . . the court, in its discretion, may allow the prevailing party . . ., a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988(b). Congress specifically drew the language of Section 1988(b) from preexisting fee provisions like those in Title VII (i.e., Section 2000e-5(k)). Congress intended that the standard for awarding fees under Section 1988 be the same as those under the fee provisions of the 1964 Civil Rights Act. Thus, courts interpret Section 2000e-5(k) and Section 1988(b) in tandem when addressing the propriety of awarding attorney fees to a prevailing party in a civil rights case.

The attorney's fee statutory provisions, however, are not self-executing. The statutes do not inform the judge as to what factors are relevant to the exercise of his discretion or as to what standards to apply. Given the numerous ways in which litigation can come to an ultimate conclusion, the statutes also do not provide the judge with guidance about when a party should be considered a "prevailing party." Congress left these issues for judicial interpretation.

  1. <u>When Does a Party "Prevail"?</u>

Congress has employed the legal term of art "prevailing party" in numerous statutes authorizing awards of attorneys' fees. *See*, *e.g.*, 42 U.S.C. § 3616(c)(2); ADA, 42 U.S.C. § 12205; Title VII, 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 1988(b). On May 29, 2001, the Supreme Court defined a "prevailing party" for purposes of a fee-shifting statute as a "party in whose

4

favor a judgment is rendered, regardless of the damages award." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001).[1] To prevail, a party must be awarded some relief by a court. *Id.* (emphasis added). This may take the form of a judgment on the merits or a court-ordered consent degree. *Id.* Both create the "material alteration of the legal relationship of the parties" which is necessary to a fee award. *Id.*

A party need not succeed on all issues in order to be deemed a "prevailing party." It is only necessary to "establish his entitlement to some relief on the merits of his claims in the trial court or on an appeal." *Id.* at 604. As explained by the Eleventh Circuit:

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d) . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims . . . 10 Wright & Miller, supra, § 2667, p. 129-130. Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (*quoting United States v. Mitchell*, 580 F.2d 789, 793-94 (5th Cir. 1978) (citations omitted)). Thus, the outer boundary of the term "prevailing party" is that a party must receive at least some relief on the merits of a claim before being considered a "prevailing party." *See Hewitt v. Helms*, 482 U.S. 755, 759 - 60 (1987).

### 2. Standard Applicable to Prevailing Plantiffs

Neither Section 1988(b) nor Section 2000e-5 distinguish between prevailing plaintiffs and prevailing defendants. However, the Supreme Court has developed two distinct standards – one for prevailing civil rights plaintiffs and another for prevailing civil rights defendants.

---

[1] The *Buckhannon* Court's definition of a "prevailing party" was specifically written to apply under the FHAA, 42 U.S.C. § 3613 (c)(2) and ADA, 42 U.S.C. § 12205. The Supreme Court, however, noted in dicta that the "prevailing party" provisions in certain other fee-shifting statutes should be interpreted consistently, and listed 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988. *Buckhannon*, 532 U.S. at 603, n.4.

Relying on Congress's intent to cast civil rights plaintiffs in the role of private attorneys general, and on the fact that attorney's fee awards to prevailing plaintiffs are necessarily awarded against violators of federal law, the Supreme Court has held that a prevailing civil rights plaintiff should ordinarily recover his attorneys' fees unless special circumstances would render such an award unjust. *Christiansburg Garment Co.*, 434 U.S. at 416 - 18. Thus, to qualify as a prevailing party a party must obtain some relief, but not all originally requested, and a prevailing party should ordinarily recover his or her fees unless exceptional circumstances would make such an award unjust.

Acquiring status as the "prevailing party" does not necessarily result in an award of attorney's fees. In *Farrar v. Hobby*, 506 U.S. 103 (1992), the Supreme Court held that although the recovery of nominal damages does not affect the prevailing party inquiry, "it does bear on the propriety of fees awarded under [Section] 1988." *Id.* at 114. "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar*, 506 U.S. at 114 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). In *Farrar*, Justice O'Connor set forth the following factors in her concurring opinion to consider when determining whether an award of attorney's fees is appropriate: 1) the extent between the amount recovered and the damages sought; 2) the significance of the legal issue on which the plaintiff claims to have prevailed; and 3) the extent success served a public purpose. *Farrar*, 506 U.S. at 121-22.

### III. APPLICATION

#### A. Fees Incurred at Administrative Level

Defendant states that Plaintiff pursued an independent, mutually exclusive avenue of relief when she chose to seek relief under Chapter 760, Florida Statutes by filing a charge of

discrimination with the Florida Commission on Human Relations ("FCHR"). Doc. No. 24 at 5. Defendant relies on *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 65 (1980) for the proposition that resort to a federal forum is appropriate only when the state does not provide prompt or complete relief. Doc. No. 24 at 6, n. 2. Defendant maintains that Plaintiff did not prevail in her Chapter 760 action, precluding her from an award of attorneys' fees as to the state proceedings. *Id.* Defendant also maintains that because Plaintiff filed the present action prior to the exhaustion of the Chapter 760 action, the state administrative proceedings before the FCHR evidently were not a jurisdictional, precedential requirement to this action. *Id.* at 6. Accordingly, Defendant argues that Plaintiff should not recover fees incurred while pursuing the state administration remedy. Doc. No. 24 at 6. Rather, she should only be awarded the fees incurred in filing the Notice of Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), and the expiration of 180 days from such filing, which according to Defendant, is reasonably 1.5 hours. *Id.*

Attorneys' fees incurred pursuing a state administrative remedy may be awarded in federal court when required under Title VII. *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 71 (1980). However, attorney's fees spent in pursuing state remedies are only awardable if the state administrative remedies are required prior to the institution of the federal litigation, not a mutually exclusive avenue of relief. *Webb v. Dyer County Bd. of Ed.*, 471 U.S. 234, 240-41 (1985). Attorney's fees under Title VII are only awardable for the pursuit of the enforcement of federal civil rights laws specifically enumerated in 42 U.S.C. § 1988. *N.C. Dept. of Transp. v. Crest St. Council*, 479 U.S. 6, 11-14 (1986). Accordingly, Plaintiff is not entitled to attorney's fees expended in pursuing the mutually exclusive state remedy filed with the FCHR. Thus, it is

recommended that Plaintiff not be compensated for the fees incurred in pursuing the state administrative remedy before the FCHR.

B. Whether Plaintiff is Entitled Fees as the Prevailing Party

Initially, Plaintiff alleged a minimum amount of actual damages in excess of $75,000.00. Doc. No. 1. As of October 1, 2008, Plaintiff was seeking up to $50,000 in compensatory damages, along with unspecified punitive damages. Doc. No. 13. Thereafter, on January 19, 2009, a little over three months later, she accepted an offer of judgment from Defendant in the amount of $1,000.00, exclusive of attorney's fees. Thus, the Plaintiff agreed to an extraordinarily low settlement amount relative to the damages originally sought.

Courts have denied attorney's fees awards in Title VII cases where a plaintiff settled for 3% and 8% of amounts sought. *See Fletcher v. City of Fort Wayne*, 162 F.3d 975, 976-978 (7th Cir. 1998) ("for trivial recoveries the only reasonable award of fees is zero"). In this case, the Plaintiff recovered 1.3% of the amount of damages originally claimed ($1,000.00 / $75,000.00) and 2% of the damages claimed after the action had been pending for about one year ($1,000.00 / $50,000.00) exclusive of punitive damages. Thus, although Plaintiff is the prevailing party, she is not necessarily entitled to attorneys' fees. *Id.*; *Farrar*, 506 U.S. 103.

The Court is persuaded that Plaintiff should not be awarded attorneys' fees and costs in this case for a number of reasons. First, the most important consideration is the Plaintiff's relative degree of success – which in this case is so low it is *de minimus*. *Farrar*, 506 U.S. 114. Second, although in one sense the Plaintiff succeeded on the issue of liability, when compared to what Plaintiff was claiming, the victory is rather hollow. There are sound policy reasons for denying an award of fees in this context. *See, e.g.*, *Fletcher*, 162 F.3d at 976. Finally, the Court

has searched in vain for any public purpose or goal accomplished through this litigation. Accordingly, it is recommended that this Court exercise its discretion to deny the Motion.

## IV. CONCLUSION

For the above stated reasons, it is **RECOMMENDED** that the Motion (Doc. No. 25) be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 17, 2009.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE